IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL BOHMIER | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NOS. 07-5018, 07-3962 |
| JOHN ARRELL, ET AL. | : | |
| | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                              **AUGUST   10  , 2018**

Presently before the Court are Defendants' Motions to Dismiss Plaintiff's Amended Complaint. (ECF No. 16; ECF No. 27.) For the following reasons, the Motions will be granted.

**I. BACKGROUND**

Pro se Plaintiff Michael Bohmier brought this action against Defendants claiming that Defendants violated his Fourteenth Amendment right to due process.[1] (Am. Compl. ¶ 2, ECF No. 2.) Plaintiff's claims arise from a zoning enforcement dispute regarding a sign that Plaintiff had on his property. A Township Zoning Officer issued an enforcement notice against Plaintiff, and Plaintiff filed an appeal with the Zoning Hearing Board ("ZHB"). This case centers on whether Plaintiff's ZHB hearing was properly conducted, and whether Defendants' alleged violations of state law are sufficient to state a due process claim under the Fourteenth Amendment.

---

[1] Plaintiff's Amended Complaint is 45 pages in length and contains 312 separate paragraphs. It alleges multiple violations of Plaintiff's due process rights.

A.      Factual Background

Plaintiff's Amended Complaint alleges that Defendants violated his due process rights because Defendants violated the Pennsylvania Municipalities Planning Code ("MPC") and violated the oaths that they took as township officials.  On September 26, 2005, Patricia Fagan ("Fagan"), the New London Township Zoning Officer, served Plaintiff with an Enforcement Notice.  (Am. Compl. ¶ 76.)  The Enforcement Notice stated that Plaintiff erected a sign on his property without a permit, which was a violation of the Land Use Ordinances of the New London Township.  (*Id*.)  Plaintiff appealed the Enforcement Notice to the ZHB of New London Township ("ZHB").  (*Id*. ¶ 77.)  At a hearing on November 29, 2005, the ZHB denied Plaintiff's appeal.  (*Id*. ¶ 144.)  The ZHB issued a formal decision on December 29, 2005.  (*Id.* ¶ 152.)  Plaintiff filed an appeal of the ZHB decision in the Court of Common Pleas of Chester County.  (*Id.* ¶ 156.)  The Court of Common Pleas affirmed the decision of the ZHB.  (*Id.* ¶ 161.)  Plaintiff then filed an appeal in the Commonwealth Court of Pennsylvania.  (*Id.* ¶ 165.)  The Commonwealth Court affirmed the decision of the Common Pleas Court.  *See Bohmier v. Zoning Hearing Board of New London Twp.*, 927 A.2d 751 (Pa. Commw. Ct. 2007).

Plaintiff cites a number of actions taken by Defendants that he claims violated his due process rights.  Plaintiff alleges that one of the ZHB members had an undisclosed conflict of interest.  Plaintiff cites this conflict because the ZHB members were responsible for deciding the outcome of Plaintiff's ZHB hearing.  Plaintiff alleges that the conflict existed because of the relationship between the Supervisors and the ZHB member, who also happens to be a member of a local membership organization.  Plaintiff alleges that the Supervisors entered into a rental agreement with the local membership organization.  (*Id*. ¶ 41.)  Plaintiff alleges that the Supervisors rented a large room in the township building to the membership organization for

$100 per month. (*Id.*) The Supervisors subsequently appointed one of the membership organization's members to be a member of the ZHB. (*Id.* ¶ 43.) Plaintiff alleges that because the Supervisors rented the room to the local membership organization for such a "nominal amount," and then appointed an organization member to the ZHB, a conflict of interest was created. (*Id.* ¶¶ 41, 44.) Plaintiff alleges that the ZHB member did not disclose this conflict of interest. (*Id.* ¶ 44.) Plaintiff alleges that he should have had the opportunity to disqualify the ZHB member from participating in his hearing. (*Id.* ¶ 46.)

In addition, Plaintiff alleges that a conflict of interest exists as a result of the Supervisors appointing the Solicitor for the ZHB ("Solicitor"). Plaintiff asserts that, under the MPC, the Solicitor should be selected by the ZHB members. (*Id.* ¶ 56.) Plaintiff claims that the Supervisors usurped the ZHB members' rights by appointing the law firm of Brutscher, Foley, Milliner & Land, LLP ("the Firm") as Solicitor. (*Id.*) Plaintiff claims that the Firm similarly usurped the ZHB members' rights by accepting such an appointment. (*Id.* ¶ 58.) Plaintiff alleges that this appointment creates a conflict of interest because the "supervisors are required to be isolated from the ZHB to prevent conflicts of interest and prejudice against hearing applicants when the township is a party before the ZHB as is the case here . . . ." (*Id.* ¶ 66.)

Plaintiff further alleges that the appointed Solicitor, Neil Land ("Land"), acting on behalf of the Firm, violated Plaintiff's due process rights five separate times.

First, Plaintiff claims that the public notice that the Firm prepared regarding Plaintiff's claims was inaccurate. (*Id.* ¶ 81.) Plaintiff alleges that the notice for Plaintiff's ZHB hearing was inaccurate because it stated that Plaintiff alleged that the zoning officer "misapplied and misinterpreted" an ordinance, when Plaintiff only alleged that the zoning officer "misapplied the

3

ordinance." (*Id*.)  Plaintiff asserts that he informed Land of this mistake, however, Land "refused to correct, readvertise, and repost the notice of Plaintiff's hearing." (*Id*. ¶ 82.)

Second, Plaintiff alleges that Land wrongfully withheld evidence that would have supported Plaintiff during the hearing.  A retired Supervisor, Jack Gardner, submitted written correspondence to the ZHB with regard to Plaintiff's hearing.  (*Id*. ¶¶ 90, 91.)  Plaintiff alleges that Land "acknowledged a written correspondence" from Jack Gardner to the ZHB, and marked the correspondence as "Exhibit B6" during the hearing.  (*Id*.)  However, Plaintiff claims that there is no evidence that ZHB members ever saw or considered Mr. Gardner's correspondence.  (*Id*. ¶ 92.)  Plaintiff claims that he would have "requested a continuance" to allow Gardner to testify during the hearing, had he known that the correspondence would not be considered.  (*Id*. ¶ 94.)

Third, Plaintiff alleges that his due process rights were violated because Land asked for the hearing deliberations to be off the record, in violation of the MPC.  (*Id*. ¶¶ 110, 111.)  Plaintiff alleges that this is a violation of the MPC because "[t]he MPC doesn't authorize the ZHB to omit any part of the deliberations from the transcript."  (*Id*. ¶ 117.)

Fourth, Plaintiff alleges that Land did not permit the ZHB members to vote on both of the issues that Plaintiff raised in his appeal application, and that Land refused to grant a continuance of the hearing.  (*Id*. ¶¶ 129-133.)  Plaintiff contends that the ZHB members did not vote on Plaintiff's first issue.  (*Id*. ¶ 138.)  Plaintiff's first issue stated that "within the ordinance there is no limitation for a sign repair/maintenance." (*Id*.)  Plaintiff claims that the only motion that Land brought forth was the second part of Plaintiff's application, not the first part.  (*Id*. ¶ 132.)  Plaintiff therefore claims that it is impossible for the ZHB to have "reached any conclusion on any of the 22 matters during the hearing . . . ."  (*Id*. ¶ 140.)  Plaintiff concludes that the ZHB

members' "one and only vote" makes it impossible for the ZHB to have reached the twenty-two determinations it claims to have reached in its final decision. (*Id.* ¶ 153.) Plaintiff concludes that the ZHB's Decision "is a fraud and is void." (*Id.* ¶ 154.)

Fifth, Plaintiff alleges that Land improperly raised an abandonment claim against Plaintiff in the brief filed in the Chester County Court of Common Pleas. (*Id.* ¶¶ 156, 157.) Land on behalf of the ZHB filed a Brief in Opposition to Plaintiff's Appeal Brief. (*Id.* ¶ 157.) In the brief, Land argued that Plaintiff intended to abandon his use of the sign. The issue of abandonment had not been raised during the ZHB hearing. (*Id.*) Plaintiff alleges that the abandonment claim is "a fraud perpetrated against the Plaintiff and before the court." (*Id.* ¶ 164.) Plaintiff asserts that there is no evidence that the township ever proved the elements of abandonment during the ZHB hearing. (*Id.* ¶ 163.)

Finally, Plaintiff alleges that the zoning official, Fagan, violated Plaintiff's due process rights on three occasions.

First, Fagan wrongfully enforced the zoning ordinance against Plaintiff because Fagan's enforcement decision was made based on logic rather than the law. (*Id.* ¶¶ 100, 101, 228).

Second, Fagan improperly interfered with and corrupted "the sanctity of judicial privity." (*Id.* ¶ 169.) Plaintiff sent a letter to the ZHB Chairman John St. John requesting reconsideration of his hearing with the ZHB. (*Id.* ¶ 168.) Plaintiff alleges that Fagan "intercepted, opened, and then forwarded" Plaintiff's letter to a third party, rather than delivering the letter to the Chairman. (*Id.*) Plaintiff further asserts that this is an indication that the Solicitor and the Supervisors were "not operating at arms length." (*Id.* ¶ 170.)

Third, Fagan "unlawfully sued Plaintiff in Equity." (*Id.* ¶ 175.) Plaintiff alleges that Fagan improperly sued him "in Equity in a District Court within Chester County, Pennsylvania

5

making a false claim against Plaintiff for $500.00/day civil penalties." (*Id.*) Plaintiff asserts that by filing the lawsuit against Plaintiff, Fagan "deprived Plaintiff of due process and perpetrated a fraud" against Plaintiff. (*Id.*)

### B. Procedural History

Plaintiff filed the Amended Complaint on March 19, 2008. Plaintiff's Amended Complaint alleges that Defendants violated his Fourteenth Amendment right to due process and brings claims under 42 U.S.C. § 1983. This case was in civil suspense for a number of years. On May 6, 2016, Defendants Arrell, Barto, Fagan, Lauver, McMichael, and Porter filed their Motion to Dismiss.[2] (Defs.' Mot., ECF No. 16.) On July 11, 2016, Defendants Brutscher, Foley, Milliner, Land, and Zaccarelli filed their Motion to Dismiss.[3] (Defs.' Mot., ECF No. 27.) On July 11, 2016, Plaintiff filed a Response in opposition to the Motion to Dismiss of Defendants Arrell, Barto, Fagan, Lauver, McMichael, and Porter. (Pl.'s Resp., ECF No. 29.) On August 9, 2016, Plaintiff filed a Response in opposition to the Motion to Dismiss of Defendants Brutscher, Foley, Milliner, Land, and Zaccarelli. (Pl.'s Resp., ECF No. 30.)

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), "a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." If a plaintiff does not state a claim upon which relief can be granted, the complaint must be dismissed. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must

---

[2] Defendants Arrell, Lauver, Barto, and Porter are the Supervisors for the New London Township. (Am. Compl. ¶¶ 13-16.) Defendant McMichael is the Solicitor for the New London Township. (*Id.* ¶ 18.)

[3] Defendant Land is the participating Solicitor for the Zoning Hearing Board of the New London Township. (*Id.* ¶ 22.) Defendants Brutscher, Foley, Milliner, and Zaccarelli are all partners for the firm appointed as Solicitor Firm for the Zoning Hearing Board. (*Id.* ¶¶ 19-21, 23.)

6

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In order for Plaintiff to adequately state a claim upon which relief can be granted, he must allege facts that demonstrate that he is entitled to relief. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) ("[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such entitlement with its facts."). This Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, this Court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000), nor does it need to accept any "bald assertions" or "legal conclusions" within a complaint. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

## IV. DISCUSSION

Plaintiff alleges that Defendants violated his due process rights, and cites numerous examples of these alleged violations. Plaintiff does not specify in his Amended Complaint whether he is asserting procedural or substantive due process violations; however, he does make reference to both in his Response to Defendants' Motions to Dismiss. (*See* Pl.s' Resp. 10, ECF. 29) ("WHEREFORE for any one or for all of the foregoing reasons and in the interest of substantial justice, fair play, procedural due process and substantive due process the Defendants motion to dismiss should be denied as a matter of Law."). We will address Plaintiff's claims on both substantive and procedural due process grounds.

### A. Substantive Due Process

In order for Defendants to be held liable on a § 1983 substantive due process claim, Plaintiff must establish that (1) he has a "protected constitutional interest at issue" and (2) Defendants "engaged in conduct that 'shocks the conscience.'" *See Skiles v. City of Reading*, 449 Fed. App'x 153, 157 (3d Cir. 2011) (citations omitted). We address each requirement in turn.

#### 1. Protected Constitutional Interest

As noted above, Plaintiff's claims stem from a land use dispute involving Plaintiff's property. Section 1983 claims protect only the alleged deprivation of a person's constitutionally protected rights. *See McCurdy v. Dodd*, 352 F.3d 820, 826 (3d Cir. 2003) ("[C]ourts must address the threshold issue in any action brought under § 1983: whether the plaintiff has alleged the deprivation of an actual constitutional right at all." (internal citation and quotations omitted)). Plaintiff's claims here result from an enforcement action taken against Plaintiff with respect to a sign that he had on his property. Plaintiff appealed this enforcement action and alleges Defendants violated his constitutional due process rights because of how they handled the ZHB hearing. The parties do not dispute that Plaintiff has a constitutional interest in his property. Therefore, Plaintiff has a protected constitutional interest in the zoning enforcement action and subsequent ZHB hearing involving his property.

#### 2. Shocks the Conscience Standard

In addition to demonstrating a protected interest in his land, Plaintiff must also plead facts which demonstrate that Defendants engaged in conduct that shocks the conscience. The "shocks the conscience" standard is a difficult standard to meet, as "'only the most egregious official conduct'" will satisfy the standard. *Potter v. City of Chester*, No. 12-2058, 2012 WL

5464970, at *5 (E.D. Pa. Nov. 9, 2012) (quoting *Cnty. Of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)); *see also Maple Properties, Inc. v. Twp. of Upper Providence*, 151 Fed. App'x 174, 180 (3d Cir. 2005) ("The conduct of officials in this case may have been 'unfair' or 'improper' from [the plaintiff's] perspective, but there is no evidence of the patently egregious behavior recognized in prior cases to constitute a substantive due process claim."). While federal courts are permitted to review local land use disputes for constitutional violations, federal courts should "avoid converting federal courts into super zoning tribunals." *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004); *see also United Artists Theatre Circuit, Inc. v. Twp. of Warrington, PA*, 316 F.3d 392, 402 (3d Cir. 2003) ("Application of the shocks the conscience standard in this context also prevents us from being cast in the role of a zoning board of appeals." (internal quotation marks and citations omitted)).

Even an assertion that officials deliberately violated state laws is insufficient to state a substantive due process claim under § 1983. *Lindquist v. Buckingham Twp.*, 106 Fed. App'x 768, 774 (3d Cir. 2004) ("[W]ithout more, a violation of state law, even a bad faith violation of state law, will not support a substantive due process claim in a land-use dispute."). Plaintiff contends that Defendants' alleged violations of state laws amount to violations of his constitutional rights. (*See e.g.*, Pl's. Resp. 5, ECF No. 29) ("Defendants admission of transgression of state law makes a 12(b)(6) procedurally improper.") Plaintiff makes several allegations that Defendants violated the MPC. The focus of our inquiry is whether the various allegations that Plaintiff asserts constitute constitutional violations that shock the conscience. We address each of Plaintiff's allegations separately.

a. Rental Agreement

Plaintiff claims that his due process rights were violated because one of the ZHB members who participated in Plaintiff's hearing had an undisclosed conflict of interest. (Am. Compl. ¶ 189.) Plaintiff alleges that this conflict of interest stems from the ZHB's rental contract with a local membership organization. (*Id.* ¶ 183.) Plaintiff's allegation that the member had a conflict of interest is not in itself conscience shocking. Plaintiff has failed to plead facts indicating that the member's actions with respect to Plaintiff's hearing were conscience shocking. All that Plaintiff alleges is that the Supervisors had a rental contract with the membership organization for a "nominal amount." (*Id.* ¶ 41.) At most, Plaintiff has alleged that the ZHB member's motive for voting against him during his hearing was open to question. This is not sufficient. The Third Circuit has held that "[m]ere evidence of 'improper motives' is insufficient." *Locust Valley Golf Club, Inc. v. Upper Saucon Twp.*, 391 Fed. App'x 195, 199 (3d Cir. 2010) (quoting *Eichenlaub*, 385 F.3d at 286 n.9)). The mere fact that the ZHB member also belongs to the membership organization, absent any allegation of self-dealing or personal pecuniary interest, is insufficient to shock the conscience.[4]

b. Supervisors' Relationship with ZHB Solicitor

Plaintiff alleges that Defendants deliberately violated the MPC when the Supervisors appointed the Solicitor. Plaintiff claims that because the Solicitor was elected by the Supervisors, his actions created a conflict of interest against Plaintiff. (Am. Compl. ¶ 201.)

---

[4] Plaintiff alleges that the Supervisors, McMichael, and the ZHB member deprived Plaintiff of his due process rights by either taking part in this appointment, or permitting this appointment. (Counts I-IV.) Because the relationship between the Supervisors, the ZHB member, and the membership organization does not rise to the level of conscience shocking, none of the Defendants actions violated Plaintiff's substantive due process rights.

10

Plaintiff claims that because of the alliance between the Solicitor and the Supervisors, the Solicitor skewed Plaintiff's hearing in favor of the Supervisors.

Plaintiff alleges that Solicitor Land deprived him of his due process rights in the following ways: (1) "by not allowing the ZHB members to deliberate upon and decide both issues within Plaintiff's application for zoning hearing" (*Id.* ¶ 237); (2) "by refusing to correct, re-advertise, and repost the notice of Plaintiff's hearing to match Plaintiff's application" (*Id.* ¶ 210); (3) by "not disclos[ing] to Plaintiff that the Firm comprised of Land and other partners was appointed by the supervisors as solicitor for the ZHB in violation of the MPC" (*Id.* ¶ 213); (4) by "accept[ing] former Supervisor Mr. Gardner's written testimony" and marking it as an exhibit without asking the ZHB members to consider the testimony (*Id.* ¶ 222); (5) "by badgering and intimidating Plaintiff" (*Id.* ¶ 234); (6) by "denying Plaintiff a complete record of the proceeding for an appeal" (*Id.* ¶ 240); (7) by telling the ZHB members that they "were not required to come to a decision" that night, but subsequently forcing the members to come to a vote (*Id.* ¶ 243); (8) "by forbidding a continuance which could have had an effect on the outcome of the hearing" (*Id.* ¶ 246); (9) "by causing the ZHB members to vote without deliberating in the hearing room" (*Id.* ¶ 252); (10) "by authoring false statements" regarding whether the ZHB members deliberated in an open forum and causing the members to sign the statement (*Id.* ¶¶ 258, 261); (11) by making a representation that "on 22 separate instances" the ZHB members had a meeting of the minds (*Id.* ¶ 264); and (12) by raising an abandonment issue against Plaintiff and "making false representations to the [Chester County Court of Common Pleas]" (*Id.* ¶¶ 267, 279).

These allegations, though numerous, do not state a due process claim. They do not, individually or collectively, shock the conscience. Under the prevailing authority they are not conscience shocking. The Third Circuit has denied substantive due process claims in instances

where official conduct was much more egregious than the alleged conduct in this case. The Third Circuit has held that the following actions do not rise to the shocks-the-conscience level: evidence that zoning officials performed unannounced and unnecessary enforcement actions; evidence that zoning officials targeted plaintiffs and applied zoning requirements arbitrarily; evidence that officials improperly increased tax assessments; and evidence that officials "maligned and muzzled" a plaintiff. *Eichenlaub*, 385 F.3d at 286. In land use cases, courts have generally been unwilling to find that officials have engaged in conscience shocking behavior absent truly egregious conduct, such as racial discrimination. *Potter*, 2012 WL 5464970, at *6 ("It appears that the courts have only found conscience shocking behavior in the land use context where the plaintiffs have plausibly alleged conduct arising from racial or ethnic discrimination."). Plaintiff has not alleged that Defendants engaged in the type of egregious conduct that is sufficient to state a substantive due process claim.

The Third Circuit has noted that "every appeal by a disappointed developer from an adverse ruling . . . involves some claim of abuse of legal authority, but '[i]t is not enough simply to give these state law claims constitutional labels such as 'due process' or 'equal protection' in order to raise a substantial federal question under Section 1983.'" *United Artists*, 316 F.3d at 402 (citing *Creative Environments, Inc. v. Estabrook*, 680 F.2d 822, 833 (1st Cir. 1982)). The Third Circuit has determined that "[l]and-use decisions are matters of local concern, and such disputes should not be transformed into substantive due process claims based only on allegations that government officials acted with 'improper motives.'" *Id.* That is precisely what Plaintiff is doing here.

Plaintiff alleges that the ZHB hearing violated his due process rights because the Supervisors appointed the Solicitor for the ZHB, despite the fact that the Supervisors were a

12

party. (Am. Compl. ¶ 216.) However, this only demonstrates evidence of an improper motive. Plaintiff makes no allegation that Land "sought to benefit personally" or that Land "was in a position to profit" through any of his actions. *Honey Brook Estates v. Honey Brook Twp.*, No. 09-6190, 2012 WL 2076985, at *15 (E.D. Pa. June 7, 2012) (holding that the defendant's actions do not evidence self-dealing because the defendant did not stand to benefit personally or gain a profit from the actions taken). At most, Plaintiff alleges that there was an improper relationship between Land and the Supervisors, and that Land took actions that disadvantaged Plaintiff during the ZHB hearing.

Moreover, Plaintiff makes no assertion that Land's actions were a result of self-dealing or corruption. The Third Circuit has held that evidence of self-dealing or corruption may indicate that a plaintiff's constitutional rights have been violated. *See Maple Properties,* 151 F. App'x at 179 (finding that land use decisions which are "typified by corruption, self-dealing, or concomitant infringement on other fundamental individual liberties" indicate a violation of an individual's constitutional rights). The Third Circuit has not, however, permitted assertions of improper motive to be transformed into allegations of self-dealing or corruption. For example, in *Locust Valley Golf Club*, the plaintiff alleged that an officer declined to rezone a property for development because the officer had "previously sought to buy the property for himself." 391 F. App'x at 199. The Court held that even if the officer had declined to rezone the property because the officer "acted out of spite or in the remote hope that he might one day purchase the property himself," his actions were indicative of "improper motives," which were "not so egregious as to shock the conscience." *Id*.

Plaintiff's allegations against Defendants are far weaker than those in *Locust Valley Golf Club*. Plaintiff's allegations suggest an improper relationship between the Supervisors and the

13

Solicitor. However, Plaintiff's allegation does not provide any evidence of the type of corruption or self-dealing required to shock the conscience. Accordingly, Plaintiff has failed to state a due process claim against Defendants with respect to Land's actions as Solicitor.[5]

                c.        Fagan's Actions

Plaintiff's allegations against Fagan do not rise to the level of conscience shocking. A plaintiff does not state a substantive due process claim simply because an official's actions were unfair or improper. *See Maple Properties*, 151 F. App'x at 180 (holding that evidence that an official's actions were unfair or improper is not sufficient evidence to bring a successful due process claim). A plaintiff does not state a substantive due process claim even upon demonstrating an "intentional misapplication of ordinances and the disregard of duties under Pennsylvania law." *Potter*, 2012 WL 5464970, at *5 (citing *Highway Materials, Inc. v. Whitemarsh Twp.*, 386 F. App'x 251, 258 (3d Cir. 2010)).

Plaintiff alleges that Fagan (1) enforced the zoning ordinance against Plaintiff "on the basis of logic and not by the provisions of the ordinance as enacted" (*Id.* ¶ 228), (2) opened Plaintiff's letter that was addressed to the ZHB Chairman and subsequently forwarded it to a third party (*Id.* ¶¶ 294, 297), and (3) unlawfully sued Plaintiff. The allegations with regard to the letter support a claim that Fagan's actions may have been improper, in that she should not have opened a letter that was not addressed to her, and should not have sent it to a party to whom it was not addressed. Plaintiff's allegations that Fagan unlawfully sued Plaintiff may also allege

---

[5] Plaintiff alleges that the Supervisors, McMichael, the Firm, and Land deprived Plaintiff of his due process rights by either taking part in or permitting the Supervisors' appointment of the Firm and for either taking part in or permitting Solicitor Land's actions. (Counts V-XV, XVII-XXXVI, XLIII.) Because these actions do not shock the conscience, none of the Defendants' actions violated Plaintiff's substantive due process rights.

14

improper conduct.⁶ Plaintiff's allegations may support a claim that Fagan did not follow local state ordinances as written. Nevertheless, the totality of Plaintiff's allegations do not support claims of substantive due process violations. Plaintiff's allegations demonstrate that Fagan may have taken steps and actions that served to disadvantage Plaintiff. However, "allegations of official animosity against the plaintiff [do] not shock the conscience." *Potter*, 2012 WL 5464970, at *5. The allegations that Plaintiff has made against Fagan do not rise to the level of conscience shocking, and therefore do not state a § 1983 due process claim.⁷

### B. Procedural Due Process

We next address whether Plaintiff's procedural due process rights were violated. Plaintiff alleges that he was deprived of "due process rights including [the] right to [a] fair hearing." He claims that the Defendants' actions "caused conflicts of interest and prejudice against and unknown to Plaintiff prior to and during a zoning hearing, post zoning hearing and thereafter during subsequent appeals." (Am. Compl. ¶ 3.) After the ZHB made its decision, Plaintiff appealed the decision to the Chester County Court of Common Pleas. (Am. Compl. ¶ 156; Defs.' Resp. 3.) The Chester County Court of Common Pleas denied Plaintiff's appeal, and Plaintiff then filed an appeal in the Commonwealth Court of Pennsylvania. (Am. Compl. ¶ 165; Defs.' Resp. 3.) The Commonwealth Court affirmed the decision of the Common Pleas Court.

Plaintiff fully pursued his right to challenge the Defendants' actions through the Pennsylvania court system. In *Rogin v. Bensalem Twp.*, 616 F.2d 680, 695 (3d Cir. 1980), the

---

⁶ We note that Plaintiff's allegations with respect to Fagan's suit do not demonstrate how the suit was improper.

⁷ Plaintiff alleges that Zoning Officer Fagan and the Supervisors violated Plaintiff's due process rights with respect to the original zoning enforcement, and Fagan's subsequent actions. (Counts XVI, XXVII-XLII.) Because Fagan's actions, and the Supervisors' related support of her actions, do not shock the conscience, none of the Defendants' actions violated Plaintiff's substantive due process rights.

Third Circuit outlined the procedures available to persons in positions similar to Plaintiff, and concluded that Pennsylvania's "procedure for challenging zoning ordinances substantially conforms with the general due process guidelines enunciated by the Supreme Court." (*Id* at 695). The *Rogin* Court stated that "[t]he Pennsylvania legislature has enacted a system for processing challenges to zoning ordinances." *Id*. at 694. The procedure includes the following: (1) the zoning officer is permitted to enforce zoning ordinances, (2) a landowner may then challenge the officer's actions by filing a challenge with the ZHB, and (3) the landowner may then challenge the ZHB's determination by filing an appeal with the Court of Common Pleas, where the court's decision can either "take the form of direct judicial review" or "enter its own findings of fact after trial de novo." (*Id*. at 694-95).

Plaintiff utilized Pennsylvania's procedural process to challenge the ZHB decision. He was unsuccessful. Because "Pennsylvania's system of adjudicating zoning challenges appears to be consistent with the requirements of due process," a plaintiff has not alleged a procedural due process claim if he "makes no specific allegation of deficiency in this process." *Id*.; *see also Potter*, 2012 WL 5464970, at *4 ("The Third Circuit has repeatedly determined that Pennsylvania's procedures for challenging administrative zoning decisions provide procedural due process." (citing *Bello v. Walker*, 840 F.2d 1124, 1128 (3d Cir. 1988))); *Cohen v. City of Philadelphia*, 736 F.2d 81, 85-86 (3d Cir. 1984) ("[T]hese errors [that the Commission violated Pennsylvania law] did not deprive appellant of due process so long as the State provided him with a means by which to receive redress for the deprivation." *abrogated on other grounds by Gniotek v. City of Philadelphia*, 808 F.2d 241, 243 (3d Cir. 1986)); *Potter*, 2012 WL 5464970, at *4 ("Here, Plaintiff does not allege there was any error or irregularity in the procedures available in the Commonwealth to challenge the decision . . . [regarding violation] of the Zoning

Ordinance . . . Accordingly, Plaintiff's allegations are inadequate to state a claim for deprivation of procedural due process.")

Plaintiff alleges procedural due process issues with respect to the ZHB hearing. However, Plaintiff makes no specific allegation that Pennsylvania's system for adjudicating the validity of the ZHB hearing was deficient. Accordingly, Plaintiff has failed to state a procedural due process claim.[8]

V.   **CONCLUSION**

For the foregoing reasons, Defendants' Motions to Dismiss will be granted.

An appropriate Order follows.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**

---

[8] Both of Defendants' Motions to Dismiss state that the Defendants are entitled to qualified immunity. (Defs.' Mot., ECF No. 16.; Defs.' Mot., ECF No. 27.) Since we have found that Plaintiff has not stated any constitutional violations, we need not address the qualified immunity issue here.